UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

------------------------------------------------------------x
TECHNICAL FURNITURE GROUP, LLC, :
*et al*. :
 :
        Plaintiffs, :
 :
        - v - : CIVIL ACTION NO. MJG-06-3424
 :
CBT SUPPLY, INC., *et al*. :
 :
        Defendants. :
------------------------------------------------------------x

## CERTIFICATION OF RULE 11 SANCTIONS AND REPLY TO DEFENDANTS' OPPOSITION REGARDING DEFENDANTS' REFUSAL TO WITHDRAW UNWARRANTED MOTION

    This certification is provided in support of Plaintiffs' notice provided to Defendants of the filing of a Motion for Rule 11 Sanctions (Paper No. 69) and failure of Defendants to adopt the "safe harbor" provisions called for in that motion. With its Reply (Paper No. 72), Defendants have, in official papers filed with this Court, confirmed that they have expressly decided to not adopt the "safe harbor" provisions provided for in the Federal Rules. Undersigned counsel therefore hereby certifies, pursuant to Local Rule 104.7 and Fed.R.Civ.P. Rule 11, that:

1.    Defendants do not dispute that Plaintiffs provided notice and informed Defendants on numerous occasions that they have not withheld any documents and that all non-privileged electronic files as kept in the ordinary course of business on Plaintiffs' computers have been produced.[1]

---

[1] Compare the Plaintiffs' complete production over one (1) year ago of what is in essence their complete

2. Plaintiffs have certified to the Court that all documents including ESI in native format have been produced and that they have not knowingly withheld any non-privileged documents.

3. Thus there was never any dispute to resolve and any such assertions were merely concocted to burden the Plaintiffs with responding to an inappropriate motion as more fully described in Plaintiffs' Response and for the Plaintiffs' to educate the Defendants about product design and development issues and Stengel's business practices that the Defendants know little about and which are central to the dispute between the parties.

4. Plaintiffs have completely demonstrated that they have produced and not withheld any of the "disputed" documents in Plaintiffs' Motion by providing Bates numbers, demonstrating that they have produced some items eleven or more times in multiple formats.[2] Given the Defendants' confirmation as to receipt of documents, there unquestionably was no production issue in dispute.[3]

5. With their Reply, Defendants admit that the Plaintiffs produced what Plaintiffs assert is their evidence—which Plaintiffs are fully prepared to describe in testimony in the already scheduled deposition and to the Court. Instead, Defendants simply provide excuses for not being able to find *eleven copies* of the documents, see Defendants' Reply (Paper No. 72-2 at ¶ 7). None of these excuses ever describe the search made for the documents, including that they even performed a search for documents on or about the date of January 18, 2002 or made a simple

---

computer hard drives with the Defendants, who, over a year later, dozens of correspondence and many motions, still have not produced a single electronically stored document.
2 The gall by the Defendants to file such a motion after receiving all the Plaintiffs' ESI in native format while continuing to refuse to provide a single ESI document is rather incredible.
3 To the extent that Defendants attempt to avoid sanctions by claiming that some dispute exists as to interrogatories that were not part of the concocted document production issues, there also is no issue in dispute as there were no answers that were not complete and responsive as shown by Paper No. 69 and Defendants have not arranged for or even mentioned their desire for a discovery conference.

search for documents as described in Plaintiffs' Response.  This is entirely improper and acts as an admission that no such search was made.  Of course, as described in Plaintiffs' Response, for some documents that are the subject of Defendants' Motion, their search could have stopped just with their own court filings or in Plaintiffs' original complaint in which the parties provided such documents to the Court in exhibits.

6.      Now that the Plaintiffs unquestionably and indisputably have such documents in their possession, understand the location of the documents, and even know what questions they need to ask, they were required to withdraw their Motion to Compel pursuant to the Federal Rules.  They did not do so.

7.      Plaintiffs provided notice to Defendants in its Notice of Response (See Paper No. 69-2 at fn. 4) that Defendants filed a misleading, bordering on false, affidavit and supporting statements to support their motion.

8.      Plaintiffs provided notice to Defendants in its Notice of Response (see Paper No. 69) that if Defendants accepted the Rule 11 "safe harbor" provision and withdrew the applicable motion, it appeared that most if not all of the sanctions issues would be resolved pursuant to the Federal Rules.

9.      Plaintiffs subsequently informed the Court when it inquired about the status of this Motion that it may be moot or resolved if the Defendants adopt the Rule 11 Safe Harbor provision as the Defendants have only filed Notices with the court and there was no pending motion yet for the Court to resolve.

10.     Defendants have had a reasonable opportunity to respond by withdrawing the inappropriate motion and have expressly refused to do so.

11. Defendants now file a Reply with misleading, bordering on false, statements to support their motion. Namely, at the deposition of Thomas White, on Wednesday, September 26, 2007,[4] it was discovered that employees of third party G.T. Brothers Corporation, a company owned by Thomas White and having independent counsel Gary Dumer, Esq., potentially had responsive documents. White immediate—that very evening—directed a search for responsive documents at the company and it resulted in the production of stored files that were actually the Defendants files and communications with Defendants. The eleven boxes of described documents were in fact Defendants' own documents, copies of "Project Orders" between Defendants and G.T. Brothers—some of the same documents that Defendants had *intentionally* withheld from their production to Plaintiffs for one year. Although the Defendants' documents in the possession of G.T. Brothers were produced for inspection, Defendants have not even stated that they wish to copy or inspect such documents (since they are Defendants' own project orders). This recent discovery, search and production had nothing whatsoever to do with the motion to compel, any discovery dispute, or even any specific request by Defendants, and solely with the desire of third party G.T. Brothers to immediately and completely produce any responsive documents, even if only recently discovered.

12. With its Reply, one and one half years after receiving Plaintiffs' ESI in native format, Defendants now cite a computer forensic "expert" whose entire affidavit[5] solely demonstrates

---

4 The Defendants motion did not address any such documents or "withholding", nor could it have, as third party G.T. Brothers' and its independent counsel did not knowingly withhold any employee documents, which were only discovered at a subsequent deposition, and were immediately produced without even a request from the Defendants.
5 Plaintiffs also object to "expert" reports being provided contrary to and in violation of the Order of the Court providing the expert disclosure schedule (as this report was disclosed after *both* expert deadlines

4

that the Defendants received all documents and therefore inappropriately filed their Motion to Compel. The only relevant information for the purposes of the instant motion was the "expert's" statement of his review of the Plaintiffs' file content that "appeared to be a user selected backup or archive", which acknowledged that he was in essence reviewing Plaintiffs' documents as produced from files stored on Plaintiffs' computer hard drives. Although it is not at issue in a motion to compel, the only purported alteration that he addresses he claims happened on February 25, *2003*. With its Response (Paper No. 69), Plaintiffs led the "expert" directly to the Plaintiffs' files and metadata that he could not find, and the files are quite apparent for anyone with any knowledge of the products designed and developed that are at issue in the complaint. The fact that expert and Defendants have little knowledge of the product design, development and Stengel's business practices explains their difficulty with "labeling syntax for files and folders". The "expert's" failures are not relevant to the Plaintiffs' Motion as there is no evidence that the computer files produced by Plaintiffs were not produced during the ordinary course of business or that Plaintiffs attempted to remove or withhold a single computer file. In fact, the "expert's" failures are only relevant to the expertise of the expert, an issue that is not yet before the court or jury. There is no "dispute" over any production issue.

13.     With its Reply, Defendants expressly failed to adopt the Rule 11 Safe Harbor provision. Plaintiffs therefore adopt and incorporate the Motion provided with the Notice of Paper No. 69 and hereby certify that Rule 11 sanctions are appropriate.

                              Respectfully submitted,

---

had passed and is being used for offensive purposes and not used to rebut any *expert* testimony from Plaintiffs).

CONWELL, LLC


_/s/_____
Scott A. Conwell (Bar No. 15008)
   scott@conwellusa.com

H. Robert Field (Bar No. 16106)
   rfield@conwellusa.com
2138 Priest Bridge Court, Suite No. 4
Crofton, MD 21114
TELE: (410) 451-2707
FAX: (410) 451-2706

Counsel for Plaintiffs

Dated: October 5, 2007

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this _5th_ day of _October_, 2007, a true and correct copy of the foregoing Certification Of Rule 11 Sanctions and Reply to Defendants' Opposition Regarding Defendants' Refusal To Withdraw Unwarranted Motion was served via ECF on the following counsel of record:

          Steven E. Tiller
          Erin O. Millar
          Whiteford, Taylor & Preston L.L.P.
          Seven Saint Paul Street
          Baltimore, MD 21202-1626

          ___/s/_____
          Scott A. Conwell