UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax

January 25, 2008

Scott A. Conwell, Esq.
H. Robert Field, Esq.
Conwell, LLC
2138 Priest Bridge Court, Suite 4
Crofton, MD 21114

Kent D. B. Sinclair, Esq.
Jay B. Kesten, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

Gregory M. Stone, Esq.
Steven E. Tiller, Esq.
Whiteford, Taylor & Preston
7 Saint Paul Street
Baltimore, MD 21202

      Re:  Smartdesks, Inc., et al. v. CBT Supply, Inc., et al.
          Civil No. MJG-05-3456
          Technical Furniture Group, LLC v. CBT Supply, Inc., et
          al., Civil No. MJG-06-3424

Dear Counsel:

     In a letter order dated November 8, 2007, the undersigned denied plaintiffs' Motion for Sanctions for Defendants' Failure to Produce Documents Certified as Produced (Paper No. 225) but permitted plaintiffs' counsel to identify any missing documents since production was then complete and "notify defense counsel and see if they can work out production of any missing documents. If the parties cannot do so, plaintiffs' counsel may file a motion with the Court. . . ." (Paper No. 249.) On November 19, plaintiffs filed a Renewed Motion for Sanctions. On November 21, the defendants filed an Emergency Motion to Strike. (Paper No.

1

253.)  In that motion, defendants stated that "plaintiffs filed their renewed motion without making any attempt to confer with defendants' counsel in either the Technical Furniture Group or Smartdesks, Inc. cases regarding the allegedly missing documents."  This Court granted the request to strike for plaintiffs' failure to meet and confer on the issue, prior to filing the motion, in contravention of its November 8, 2007 Order and the Local Rules and Discovery Guidelines of the Court and awarded defendants a modest $500 for expenses associated with the filing of the request.

As required by the Rules, the Court gave plaintiffs an opportunity to be heard on the expense award.  Plaintiffs submitted a letter on December 3, 2007, (Paper No. 260) purporting to explain the background of the filing of their renewed motion for sanctions.  In that letter, plaintiffs complain about defendants' discovery (mis)behavior in general, which, of course, is not relevant to the narrow question before the undersigned. Additionally, plaintiffs' counsel specifically stated that an attempt was made to schedule a meet and confer prior to the November 19 deadline for motions filing.  "Attempts were immediately made to schedule a conference to arrange for production of the more specific list of missing documents timely to meet the November 19th deadline.  Defendants, however, requested that the conference be delayed until November 21st."  (Id.)  Defense counsel had asserted that no attempt to confer had been made.  Plaintiffs' counsel does not include any documentation of an attempt to schedule a conference on the missing documents issued prior to November 19.  However, plaintiffs' counsel has submitted correspondence indicating that the parties' counsel planned to meet or met by telephone on November 21 at 11:00 a.m., to discuss, inter alia, the missing documents.  (Paper No. 256, 4).  Notably, defense counsel did not in his emergency motion (filed with the Court at 10:24 a.m., on November 21) advise the Court of the imminent (11:00 a.m.) discovery conference.

While plaintiffs' counsel states that "it was impossible for plaintiffs to meet both the November 19th deadline and a requirement for a pre-motion conference," plaintiffs' counsel neither sought an extension of the motions' filing deadline nor does the motion for renewed sanctions indicate this fact. (Paper No. 260).  Finally, plaintiffs' counsel states that "[a]fter examining Rule L.R. 107 and informing staff in your chambers that we would file the certification following the scheduled discovery conference, we filed the motion."  (Id.)  My judicial assistant recalls speaking with plaintiffs' counsel on several occasions; however, she does not recall nor is there any written record of

an <u>ex</u> <u>parte</u> permission to excuse compliance with my November 8 Order and local rules.  My assistant would never do so.

    I am seriously troubled by counsel's conduct in this case and by the fact that in submissions to the Court one side (plaintiffs' counsel) adamantly asserts a request was made for a discovery conference before November 19 and the other side (defense counsel) equally adamantly asserts that no such request was made.  The Court is not going to get drawn any further into counsel's inability to work collegially and civilly in this case.

    Moreover, it is not necessary to determine which counsel's recollection is correct to resolve the matter before me.  Plaintiffs' counsel failed to follow the clear directive of my November 8 Order or seek in writing an extension of the November 19 deadline, due to his view of opposing counsel's lack of cooperation in arranging a meet and confer.  The award stands and must be paid by January 31, 2008.

    Accordingly, having reviewed plaintiffs' submission, for the reasons set out above and in its Order of November 21, 2007, the Court nevertheless awards $500 in expenses.

    Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

                                      Sincerely yours,

                                      /s/

                                    Susan K. Gauvey
                                    United States Magistrate Judge